UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JENNIFER L. THUSTON, COLETTE HUMPHREY, DAVID ZULFA, DONNY YOUNGBLOOD,<br><br>　　　　Defendants. | Case No.  1:24-cv-00254-HBK<br><br>ORDER TO RANDOMLY ASSIGN A DISTRICT JUDGE OTHER THAN JUDGE THURSTON<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS FRIVOLOUS[1]<br><br>(Doc. No.  1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff Nathaniel Washington's Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1, "Complaint").  For the reasons set forth below, the undersigned recommends the district court dismiss the Complaint as frivolous and lacking an arguable basis in fact or law.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). A complaint is "factual[ly] frivolous [ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not

sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  It is not clear where the events in the Complaint took place.  (*See generally id.*).  The Complaint identifies the following individuals as Defendants: (1) United States District Judge Jennifer Thurston; (2) Kern County Superior Court Judge Colette Humphrey; (3) Kern County Superior Court Judge David Zulfa; (4) Kern County Sheriff Donny Youngblood; (5) NSA Agent Steven (Last Name Unknown); (6) Cynthia Zimmer, Prosecuting Attorney, Kern County District Attorney's Office; (7) Valerie Skidmore, Public Defender, Kern County Public Defender's Office; (8) Felicia Nagle, Prosecuting Attorney, Kern County District Attorney's Office; (9) Julio Martinez, Probation Officer, Kern County Probation Office; (10) Destry Jackson; (11) Nick Lackie, Prosecuting Attorney, Kern County District Attorney's Office; and (12) Erik Levig, Sheriff Deputy, Kern

3

1   County Sheriff's Office.  (*Id*. at 3-4).  The Complaint alleges claims of "utilization of false
2   statutes" "conspiracy against rights," retaliation, and "withholding exculpatory information."
3   (*See id*. at 5-8).  The following facts are presumed to be true at this stage of the screening process.
4        On an unspecified date, Plaintiff petitioned for a writ of habeas corpus on the grounds that
5   he was "conspired against by the superior court in case number: 1:24-cv-00035-JLT-SKO[2]."  (*Id*.
6   at 5).  Judge Thurston dismissed the petition "with what [Plaintiff] believe[s] to be false federal
7   statutes."  (*Id*.).  The Complaint further alleges that Judge Thurston "informally communicated
8   with other co-conspirators and allowed her judgment to be influenced by those who tamper with
9   witnesses and conspire against Defendants all-the-time."  (*Id*.).  Under the injury section, Plaintiff
10  states, "I was raped in custody while I was unconscious" but does not allege any facts to indicate
11  this injury is related to any actions taken by Defendant Thurston.  (*Id*.).
12       In a second claim, the Complaint asserts that Defendant Humphrey and other unspecified
13  co-conspirators "may have contacted Judge Thurston to influence her to dismiss a torture
14  conspiracy."  (*Id*. at 6).  Liberally construed, the Complaint alleges a conspiracy involving
15  Defendants Thurston, Humphrey, and unspecified co-conspirators.  Plaintiff checks the box next
16  to "Retaliation" but does not set forth any facts indicating that any Defendant retaliated against
17  him.  Plaintiff also indicates under the Administrative Remedies for Claim 2 that he did not
18  attempt to exhaust his administrative remedies and that none were available, adding, "No way I
19  can report a federal crime to anyone from here."  (*Id*.).
20       In a third claim, the Complaint asserts:
21            Thurston knew of the conspiracy before her dismissal.  She knows

---

[2] The Court takes judicial notice of the fact that *Washington v. Youngblood*, E.D. Cal. Case No. 1:24-cv-00035-JLT-SKO, a federal habeas petition filed by Plaintiff, was dismissed on February 14, 2024 based on Plaintiff's failure to exhaust his state court remedies.  Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  *Id.* 201(c).  Courts judicially notice other court proceedings "if those proceedings have a direct relation to the matters at issue."  *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).  However, a court may not take judicial notice of findings of facts from another case.  *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

> it's a false imprisonment and torture conspiracy and a hate crime. She is withholding corruption information from the Eastern District by engaging in this conspiracy. Essentially, District Judge Jennifer Thurston is conspiring to cover-up several conspiracies at once with her dismissal of what may involve treason and sedition by county employees and federal employees.

*Id*. at 7. Plaintiff again notes in the Administrative Remedies section that he did not attempt to exhaust his administrative remedies and contends that none were available. (*Id*.).

As relief, Plaintiff seeks a grand jury, for "co-conspirators [to be] federally prosecuted for this conspiracy," appointment of a "lawful district judge" and for his fees to be waived. (*Id*. at 8).

## APPLICABLE LAW AND ANALYSIS

### A. Judicial Immunity

Judges enjoy immunity for "judicial acts" performed in the course of their work. *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021), cert denied, 142 S.Ct. 900 (2022). As such, they cannot be subject to liability for action taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Otherwise, "[s]ubjecting judges to liability for the grievances of litigants would destroy that independence without which no judiciary can be either respectable or useful." *Lund*, 5 F.4th at 971 (citation omitted). To determine whether an act is judicial, a court must consider whether "'(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.'" *Id*. (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

Here, Judge Thurston is protected by judicial immunity because Plaintiff challenges conduct that constitutes a "judicial act." Each of the three claims in Plaintiff's Complaint centers on Judge Thurston's February 14, 2024 order dismissing his federal habeas petition. (See generally Doc. No. 1; *see* Doc. No. 6, E.D. Cal. Case No. 1:24-cv-00035-JLT-SKO). As the district judge presiding over this matter, she performed a "normal judicial function"—one that is required by law—when she ruled on a Findings and Recommendations by the assigned magistrate judge, recommending dismissal of the petition. 28 U.S.C. § 636(b)(1)(C) (requiring magistrate

judge to submit findings and recommendations on certain matters to the district judge) and 28 U.S.C. § 2254 (permitting "The Supreme Court, a justice thereof, a circuit judge, or a district court [to] entertain an application for a writ of habeas corpus in behalf of a person in custody . . ."). Because Plaintiff's claims against Thurston arise out of her "normal judicial functions" of reviewing habeas corpus petitions, the Court concludes that judicial immunity bars Plaintiff's § 1983 claims against her.

**B. Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another, which results in damage. *Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id.*

Conclusory allegations of conspiracy are not sufficient to support a § 1983 conspiracy claim. *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Although an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown," *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 1989), "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283, 1302 (9th Cir. 1999). Thus, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id* at 1301.

Here, Plaintiff's conspiracy claims are wholly speculative, conclusory, facially irrational and incredible. The Complaint is devoid of any facts supporting a claim of conspiracy, but rather consists of Plaintiff's conjecture and speculation: "I have reason to believe Judge Thurston . . . *may* have acted in conspiracy with the other Defendants . . . I *think* she informally communicated with other co-conspirators" (Doc. No. 1 at 5) (emphasis added); "Humphrey . . . along with other co-conspirators . . . *may have* contacted Judge Thurston to influence her . . . *I believe* Thurston

allowed herself to be sucked in a conspiracy." (*Id*. at 6) (emphasis added).  Indeed, such allegations, in addition to being wholly  conclusory and insufficient to support a § 1983 claim, are completely frivolous.  *See Bonilla v. Unknown*, 2019 WL 4849159, at *1 (S.D. Cal. Oct. 1, 2019) (dismissing as frivolous Plaintiff's attempt to invoke federal jurisdiction pursuant to three criminal statutes in an effort to "challenge the validity of his Alameda County criminal judgment and death sentence, on grounds that he has been the subject of a criminal conspiracy among various judges to "frame [him] for a crime that [he] never committed.").

### C. Claims Against Remaining Defendants

Of the remaining Defendants listed in Plaintiff's Complaint, only one, Judge Colette Murphy, is even mentioned in the body of the Complaint.  As to her, she is mentioned only in passing, stating, "Humphrey (Judge Colette Humphrey) along with other co-conspirators,--they may have contacted Judge Thurston to influence her to dismiss a torture conspiracy." (Doc. No. 1 at 6).  For reasons noted above, the torture conspiracy claim against Humphrey and others fails to state a claim and is frivolous.  See *Suess v. Obama,* 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (finding complaint frivolous that alleged conspiracy between President, CIA, and FBI to torment plaintiff over six year period); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012)(dismissing complaint as frivolous that alleged conspiracy by various defendants and ex-military and CIA to defraud plaintiffs' interests and murder him).

As to the remaining 10 Defendants, several would likely be entitled to either judicial or prosecutorial immunity, and one does not appear to be a state actor.  In any event, none of them are mentioned anywhere in the Complaint.  To be plausible and survive screening, a complaint must include sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The Complaint simply fails to allege any facts as to any of these 10 Defendants to support a constitutional claim against them.  Thus, the Court finds no claim stated as to these eleven Defendants.

### D. Plaintiff's Requested Relief

As relief, Plaintiff asks this Court to impanel a grand jury and order "co-conspirators federally prosecuted for this conspiracy." (Doc. No. 1 at 8).  Plaintiff does not cite any authority

7

for his request that the Court impanel a grand jury. The impaneling of grand juries by federal courts is governed by 18 U.S.C. §§ 3331 and 3332. The later provision states:

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

18 U.S.C. 3332(a). Prosecutorial decisions and presentment of evidence to a grand jury lies with the United States Attorney's Office and not with the courts. *See Brown v. Gomez*, 2001 WL 985623, at *1 (9th Cir. Aug. 28, 2001) ("The district court did not abuse its discretion in failing to impanel a grand jury or by failing to present Brown's proposed complaint to a grand jury, because pursuit of indictments and prosecutions is within the exclusive discretion of the United States Attorney."). No private right of action is available under § 3332(a) that would authorize the relief sought in Plaintiff's Complaint. *Id.*; *see also Norman v. U.S. Atty Gen. for W.D. Tex.*, 2024 WL 64769, 2 (5th Cir. Jan. 5, 2024) (affirming rejection of mandamus relief under § 3332 because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Morales v. U.S. Dist. Ct.*, 580 F. App'x 881, 886 (11th Cir. 2014); *Mowish v. Gentry*, 156 F.3d 1231, *2 (6th Cir. July 31, 1998) (unpublished table opinion); *Hantzis v. Grantland*, 772 F. Supp. 2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States*, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), corrected on other grounds, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg*, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *Arnett v. Unknown*, 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a) contains no 'clear and unambiguous' statement conferring a private right of action on an individual to present evidence to a special grand jury or to compel a United States Attorney to do so"); *In re Schleeper*, 1997 WL 811797, *1 (D.C. Cir. 1997) (§ 3332 "contains no provision

requiring the district court to refer a private complaint to the grand jury"); *Huber Heights Veterans Club v. Bowman*, 2022 WL 11736539, *1 (S.D. Ohio Oct. 20, 2022) (same).

Claims that do not provide a private right of action may be considered frivolous. *See Taylor v. Kolbaba*, 909 F.2d 1489, *2 (9th Cir. 1990) (unpublished table opinion) (deciding that the entirety of a pro se plaintiff's original complaint which included claims that provided no private right of action was frivolous and could not be cured by amendment); *Self v. Chase Bank, N.A.*, 2011 WL 3813106, at *5 (E.D. Cal. Aug. 25, 2011) (holding that a pro se plaintiff's claims that provided no private right of action were frivolous when "precedent clearly forecloses private rights of action on such claims."); *Gilbert v. U.S. Atty for the State of Calif.*, 2018 WL 11252687, *2 (C.D. Cal. Dec. 7, 2018) (denying in forma pauperis application and dismissing complaint brought under criminal statute with no private right of action as frivolous).

Based on the case law discussed above, including that conferring judicial immunity on Defendant Thurston, the Court finds that Plaintiff's Complaint is based on indisputably meritless legal theories and lacks an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325. Consequently, the undersigned recommends Plaintiff's Complaint be dismissed without prejudice.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is mindful that it must liberally construe the inartful pleading of pro se litigants. In this instance, the Court finds no amendment could cure the deficiencies and frivolous nature of Plaintiff's petition and therefore, less drastic alternatives to dismissal are unnecessary. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (because plaintiff's claims are frivolous , "there is by definition no merit to the underlying action and so no reason to grant leave to amend."). Accordingly, the Court finds that granting leave to amend would be futile and recommends this action be dismissed without prejudice and without leave to amend.

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge <u>other</u> <u>than</u> Judge Jennifer L. Thurston for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

The Complaint (Doc. No. 1) be dismissed under § 1915A as frivolous and for failing to state a claim and further leave be denied.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:  April 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE