1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| 11 | NATHANIEL WASHINGTON, | Case No.  1:24-cv-00254-KES-HBK (PC) |
|---|---|---|
| 12 | Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING |
| 13 | v. | CASE WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM |
| 14 | JENNIFER THURSTON, et al., | Doc. 9 |
| 15 | Defendants. | |

16

17         Plaintiff Nathaniel Washington is a state prisoner proceeding pro se and in forma pauperis

18   on his original complaint filed pursuant to 42 U.S.C. § 1983.  Docs. 1, 6.  The matter was referred

19   to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On April 19, 2024, the assigned magistrate judge issued findings and recommendations to

21   dismiss plaintiff's complaint as frivolous and for failing to state a claim upon which relief could

22   be granted.  Doc. 9.  Specifically, the findings and recommendations conclude that Judge

23   Thurston enjoys judicial immunity for her judicial act of denying plaintiff's habeas petition, and

24   separately, that plaintiff's conspiracy claims are "wholly conclusory and insufficient to support a

25   § 1983 claim [and] are completely frivolous." *Id.* at 5-7.  Plaintiff timely filed objections to the

26   findings and recommendations.  Doc. 13.

27         In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

28   novo review of this case.  Having carefully reviewed the file, the Court concludes that the

1    findings and recommendations are supported by the record and by proper analysis.  Plaintiff's

2    objections do not undermine the analysis of the findings and recommendations; indeed, they do

3    not address any of the reasoning in the findings and recommendations.  Rather, they purport to

4    assert new facts to support plaintiff's claim of conspiracy, including alleging that a lawyer in the

5    Kern County Public Defender's Office told plaintiff more than five years ago that he "was being

6    harassed and followed around everywhere that [he] went" and that Defendant Humphrey, a Kern

7    County superior court judge "followed [him] around on at least three different occasions."  Doc.

8    13 at 1-2.  Even assuming these newly alleged facts were true, plaintiff continues to fail to state a

9    claim against Judge Thurston or any other named defendant for his conspiracy claims.

10           A civil conspiracy is a combination of two or more persons who, by some concerted

11   action, intend to accomplish some unlawful objective for the purpose of harming another, which

12   results in damage.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999).  Plaintiff

13   claims a conspiracy existed between Judge Thurston and the other named defendants to cover up

14   alleged previous conspiracies to falsely convict plaintiff and to torture him in prison.  *See*

15   *generally* Doc. 1.  Plaintiff's new allegations provide no factual support to indicate that any

16   conspiracy plausibly existed between the named defendants.  Nor do plaintiff's objections

17   indicate that he could plausibly allege further facts to support his claim if plaintiff were given

18   leave to amend.  Even more, as the magistrate judge correctly noted, plaintiff's claims against the

19   principal defendant, Judge Thurston,[1] are barred by the doctrine of judicial immunity because the

20   complaint seeks to challenge her judicial act of ruling on his habeas petition.  *Id*. at 5-6.

21           Plaintiff also requests "an extended time period to obtain evidence" regarding the alleged

22   conspiracy and subpoenas that he can send to the Kern County District Attorney's Office because

23   

24   _____

[1] As the findings and recommendations note, though the complaint names several people as
defendants, only Judge Thurston and Judge Humphrey are explicitly named in the body of the
complaint.  *See* Doc. 9 at 7; *see generally* Doc. 1.  The only "exceptions" to this being the
complaint's allegations that "Judge Jennifer Thurston . . . may have acted in conspiracy with the
*other defendants named* in order to cover-up conspiracy to murder and conspiracy to rape and
torture" and that "she informally communicated with other co-conspirators." Doc. 1 (emphasis
added).  However, the first statement is conclusory and clearly does not meet the plausibility
standard set forth in *Iqbal* and *Twombly* and the second is not factually sufficient to state a claim
for conspiracy against Judge Thurston or any other named defendant.

25   

26   

27   

28

1    he has "strong reason to believe" Judge Thurston was engaged in a conspiracy with others.  Doc.

2    13 at 2-3.  However, plaintiff is not entitled to discovery to attempt to remedy a facially deficient

3    complaint; a plaintiff "must satisfy the pleading requirements of [Federal Rule of Civil

4    Procedure] 8 *before* the discovery stage, not after it."  *See Mujica v. AirScan, Inc.*, 771 F.3d 580,

5    593 n.7 (9th Cir. 2014) (emphasis in original).

6         Accordingly, it is HEREBY ORDERED:

7         1.  The findings and recommendations, filed on April 19, 2024, Doc. 9, are ADOPTED IN

8            FULL;

9         2.  This action is DISMISSED without prejudice for failure to state a claim;

10        3.  The Clerk of the Court is directed to close this case.

13    IT IS SO ORDERED.

14      Dated:    December 19, 2024                            

                                                UNITED STATES DISTRICT JUDGE